UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.   CASE NO. 6:21-cr-61-RBD-DCI

ERIC LANCE REYNOLDS

**JOINT MOTION FOR A HEARING TO DETERMINE
MENTAL COMPETENCY OF THE DEFENDANT**

The United States and the defendant, by his counsel, jointly move this Court for a hearing to determine the mental competency of the defendant pursuant to 18 U.S.C. § 4241(a) and (c). In support of their motion, the parties state as follows:

**PROCEDURAL HISTORY**

1. On April 1, 2021, the government filed a criminal complaint against the defendant, Eric Lance Reynolds, alleging that the defendant distributed child pornography, in violation of 18 U.S.C. § 2252A(a)(2).  Doc. 1.

2. At the defendant's initial appearance, the government moved for detention. The defendant waived his right to a preliminary hearing and reserved his right to a detention hearing.   Docs. 6 and 9. The Court entered an order of detention pending trial. Doc. 11.

3. On April 22, 2021, a grand jury returned a three-count indictment charging the defendant with distribution, receipt, and possession of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(2) and (a)(5)(B). Doc. 14.

4. On May 12, 2021, the defendant moved for a detention hearing, which was held on May 20, 2021. Docs. 28 and 36.

5. During the detention hearing on May 20, 2021, the defense argued that the defendant's arrest and detention has interrupted the continuity of his mental health treatment, which he had been undergoing for 11 years related to diagnoses of chronic depression, anxiety, and panic disorder. Doc. 57, at 41-43. *See* also, Pretrial Services Report at pg. 3.

6. Following the hearing, the Court entered an order of detention pending trial, finding that no condition or combination of conditions of release will reasonably assure the appearance of the defendant as required or the safety of any other person and the community. Doc. 37.

7. On June 2, 2021, the defense filed a notice under Rule 12.2 of the Federal Rules of Criminal Procedure, noticing that, though they had not yet retained an expert, the defense intends to rely on the defense of insanity. Doc. 41.

8. On June 10, 2021, this Court held a status conference in this case, during which the defense moved to continue the case from the July to the September trial term in light of the need to have his client evaluated for sanity, and the likelihood that alternate counsel would soon be filing a notice of appearance. The Court granted that continuance.

9. On June 24, 2021, current counsel for the defendant, Mr. Thomas Luka, filed a motion to substitute counsel, which the court granted the same day.

10. On July 22, 2021, the United States and the defense became aware that an individual in the same housing unit as the defendant tested positive for Covid-19. This placed the defendant under restrictive movement until July 31, 2021.

11. On August 5, 2021, the defense provided the government with a psychosexual evaluation report conducted by Dr. Chris Carr. *See* Psychological Evaluation and Risk Assessment.[1] Based upon the findings of Dr. Carr, which included diagnoses of schizophrenia spectrum and other psychotic disorder; unspecified dissociative disorder; amongst others, the defense moved for a 45-day continuance, in order to have the defendant undergo a mental examination to determine the legal sanity or insanity of the defendant. Doc. 65.

12. On August 10, 2021, this Court held a status conference, wherein the Court granted the defense's motion and set the case on the November trial term with a status conference set for October 14, 2021, and a plea deadline of October 21, 2021.

13. The defense retained Dr. William Saunders to conduct a psychological examination of the defense as it pertains to sanity.

14. On August 16, 2021, according to defense counsel, Dr. Saunders attempted to meet with the defendant at the Orange County Jail. Upon his arrival, he was informed that the defendant was in quarantine and would be released from quarantine the following day.

---

[1] The government intends to file this exhibit under seal in subsequent pleading.

15. In the interim, the United States has retained Dr. Randy Otto to conduct a psychological evaluation as to the defendant's sanity at the time of the charged offenses.

16. On August 23, 2021, the defense informed the United States that:

> When confronted with any evidence that I have received from the Government in the text messages and discussed a superseding indictment, Mr. Reynolds begins speaking about how God tells him through the radio and dreams that he is the "chosen one" to fight the devil and that God is putting him through all of this pain to prepare him for the final battle of the apocalypse. Mr. Reynolds is very nonresponsive to any direct questions which now leads me to question not only his sanity but his competency as well.[2]

17. Dr. Saunders is scheduled to meet with the defendant on August 30, 2021, to evaluate him regarding competence and sanity. The defense anticipates receiving Dr. Saunders' report by the end of that week, at least to initial impressions and competency.

18. Upon completion of the defense's examination and an opportunity for the United States to consult Dr. Otto regarding the defense's expert report, the parties request a competency hearing.[3]

19. While the United States has retained Dr. Otto to conduct a sanity evaluation of the defendant, the parties believe it prudent to first determine whether

---

[2] At the status conference on August 10, 2021, defense counsel expressed to the United States that counsel recently had a similar conversation with the defendant, during which the defendant expressed hearing voices that told the defendant not to communicate with his attorney. Defense counsel, at that time, assured the United States he did not have concerns with the defendant's competence.

[3] After assessing Dr. Saunders' report, the United States may move the Court to appoint an expert to conduct a psychological examination of the defendant and file a report with the Court pursuant to 18 U.S.C. § 4241(b) and 4247(b) and (c).

the defendant is currently competent before having him undergo a sanity evaluation by the government's expert. Should the defendant be found competent, the United States intends to have Dr. Otto conduct a sanity evaluation of the defendant following the competency determination.

## MEMORANDUM OF LAW

Pursuant to 18 U.S.C. § 4241(a), upon the filing of a Government motion for a hearing to determine the defendant's mental competency, the Court "shall grant the motion . . . if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a).

Based on the defendant's recent communications with counsel; the report and examination conducted by Dr. Carr; and the defense's assertion of intent to rely on the insanity defense, there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. Thus, the Court should grant the parties' motion for a competency hearing in this matter.

## **CONCLUSION**

In light of the defendant's recent communications with counsel; the report and examination conducted by Dr. Carr; and the defense's assertion of intent to rely on the insanity defense, the undersigned parties respectfully request a competency hearing to be set on a date following the completion of the defense's evaluation and the government's assessment of such report.

DATED this 30th day of August, 2021.

Respectfully submitted,

KARIN HOPPMANN
Acting United States Attorney

| | |
|---|---|
| */s/ Thomas B. Luka* | */s/ Jennifer M. Harrington* |
| THOMAS B. LUKA, ESQ. | JENNIFER M. HARRINGTON |
| Florida Bar No. 0187770 | Florida Bar No. 0117748 |
| 710 Vassar Street | 400 W. Washington Street, Suite 3100 |
| Orlando, Florida 32804 | Orlando, Florida 32801 |
| Telephone: 407-841-7400 | Telephone: (407) 648-7500 |
| Fax: 407-841-7887 | Facsimile: (407) 648-7643 |
| E-mail: tluka@lukalaw.com | E-mail: Jennifer.Harrington2@usdoj.gov |

U.S. v. ERIC LANCE REYNOLDS                    Case No. 6:21-cr-61-RBD-DCI

## CERTIFICATE OF SERVICE

I hereby certify that on August 30, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

    Thomas B. Luka, Esq.

                                                  */s/ Jennifer M. Harrington*
                                                  JENNIFER M. HARRINGTON
                                                  Assistant United States Attorney
                                                  Florida Bar No. 0117748
                                                  400 W. Washington Street, Suite 3100
                                                  Orlando, Florida 32801
                                                  Telephone:   (407) 648-7500
                                                  Facsimile:   (407) 648-7643
                                                  E-mail:   Jennifer.Harrington2@usdoj.gov