UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 6:21-cr-61-RBD-DCI

ERIC LANCE REYNOLDS

**JOINT MOTION FOR A PSYCHIATRIC OR PSYCHOLOGICAL EXAMINATION OF DEFENDANT TO DETERMINE MENTAL COMPETENCY AND WHETHER DEFENDANT WAS INSANE AT THE TIME OF THE ALLEGED OFFENSE**

The United States and the defendant, by his counsel, jointly move this Court to order that a psychiatric or psychological examination of the defendant be conducted at a United States Bureau of Prisons facility to determine the defendant's mental competency and whether the defendant was insane at the time of the alleged offense, pursuant to 18 U.S.C. §§ 4241(b), 4242(a), and 4247(b).

The parties, in support of their motion, state as follows:

## PROCEDURAL HISTORY

1. On April 1, 2021, the government filed a criminal complaint against the defendant, Eric Lance Reynolds, alleging that the defendant distributed child pornography, in violation of 18 U.S.C. § 2252A(a)(2). Doc. 1.

2. At the defendant's initial appearance, the government moved for detention. The defendant waived his right to a preliminary hearing and reserved his right to a detention hearing. Docs. 6 and 9. The Court entered an order of detention pending trial. Doc. 11.

3. On April 22, 2021, a grand jury returned a three-count indictment charging the defendant with distribution, receipt, and possession of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(2) and (a)(5)(B). Doc. 14.

4. On May 12, 2021, the defendant moved for a detention hearing, which was held on May 20, 2021. Docs. 28 and 36.

5. During the detention hearing on May 20, 2021, the defense argued that the defendant's arrest and detention has interrupted the continuity of his mental health treatment, which he had been undergoing for 11 years related to diagnoses of chronic depression, anxiety, and panic disorder. Doc. 57, at 41-43. *See* also, Pretrial Services Report at pg. 3.

6. Following the hearing, the Court entered an order of detention pending trial, finding that no condition or combination of conditions of release will reasonably assure the appearance of the defendant as required or the safety of any other person and the community. Doc. 37.

7. On June 2, 2021, the defense filed a notice under Rule 12.2 of the Federal Rules of Criminal Procedure, noticing that, though they had not yet retained an expert, the defense intends to rely on the defense of insanity. Doc. 41.

8. On June 10, 2021, this Court held a status conference in this case, during which the defense moved to continue the case from the July to the September trial term in light of the need to have his client evaluated for sanity, and the likelihood that alternate counsel would soon be filing a notice of appearance. The Court granted that continuance.

9. On June 24, 2021, current counsel for the defendant, Mr. Thomas Luka, filed a motion to substitute counsel, which the court granted the same day.

10. On July 22, 2021, the United States and the defense became aware that an individual in the same housing unit as the defendant tested positive for Covid-19. This placed the defendant under restrictive movement until July 31, 2021.

11. On August 5, 2021, the defense provided the government with a psychosexual evaluation report conducted by Dr. Chris Carr. Doc S-72. Based upon the findings of Dr. Carr, which included diagnoses of schizophrenia spectrum and other psychotic disorder; unspecified dissociative disorder; amongst others, the defense moved for a 45-day continuance, in order to have the defendant undergo a mental examination to determine the legal sanity or insanity of the defendant. Doc. 65.

12. On August 10, 2021, this Court held a status conference, wherein the Court granted the defense's motion and set the case on the November trial term with a status conference set for October 14, 2021, and a plea deadline of October 21, 2021.

13. The defense retained Dr. William Saunders to conduct a psychological examination of the defense as it pertains to sanity.

14. On August 16, 2021, according to defense counsel, Dr. Saunders attempted to meet with the defendant at the Orange County Jail. Upon his arrival, he was informed that the defendant was in quarantine and would be released from quarantine the following day.

15. In the interim, the United States retained Dr. Randy Otto to conduct a

psychological evaluation as to the defendant's sanity at the time of the charged offenses.

16. On August 23, 2021, the defense informed the United States that:

> When confronted with any evidence that I have received from the Government in the text messages and discussed a superseding indictment, Mr. Reynolds begins speaking about how God tells him through the radio and dreams that he is the "chosen one" to fight the devil and that God is putting him through all of this pain to prepare him for the final battle of the apocalypse. Mr. Reynolds is very nonresponsive to any direct questions which now leads me to question not only his sanity but his competency as well.[1]

17. On August 30, 2021, the parties filed a joint motion for a competency hearing to be held following Dr. Saunders' evaluation of the defendant.

18. On September 8, 2021, following a hearing on the motion, the Court denied the motion for a competency hearing without prejudice as it was deemed premature.

19. On September 7, 2021, Dr. Saunders evaluated the defendant for competency and for sanity at the time of the alleged offenses.

20. On September 24, 2021, defense counsel provided the United States with Dr. Saunders' report. *See* Psychological Forensic Assessment Report – Competency & NGRI Evaluation, attached as Exhibit 1.[2]

21. Dr. Saunders found the defendant not competent to proceed to trial and

---

[1] At the status conference on August 10, 2021, defense counsel expressed to the United States that counsel recently had a similar conversation with the defendant, during which the defendant expressed hearing voices that told the defendant not to communicate with his attorney. Defense counsel, at that time, assured the United States he did not have concerns with the defendant's competence.
[2] In accordance with the Court's September 8, 2021 order at Doc. 74, this report will be filed under seal.

4

found that there was insufficient psychological evidence for a not guilty by reason of insanity defense at this time. With regard to his competency finding, he stated the following:

> Competency determination for this client is complex. He was able to fully participate in this evaluation; however, his attorney reports in the past refusing to, or possibly unable to answer questions in a meaningful way without expressing delusional thoughts. While Mr. Reynolds did demonstrate delusions during this evaluation (centered upon being the 'divine protector);' he was able to be re-directed and answer questions in a meaningful way. There are also significant concerns of feigning and malingering or exaggerating his current symptom pattern. However, on the truthfulness scale of the SAI, he did pass that measure and appeared to be truthful and honest in his presentation. This complex reporting pattern is puzzling but may reflect Mr. Reynolds less sophisticated ability to consistently feign or exaggerate his symptoms. Nevertheless, even when truthful and not exaggerating as measured by the SAI, he appears to be suffering from a host of serious mental illness symptoms.
>
> *In an abundance of caution* [emphasis added], due to the severity of this case and the consequences Mr. Reynolds faces, it is the opinion of this writer that, at this present time, Mr. Eric Reynolds **does NOT** meet all 6 of the criteria needed for competency according to the Florida State Statutes, it is the opinion of this writer that Mr. Eric Reynolds **is NOT competent** to proceed to trial and he is NOT competent to participate in any other matter before the court at this time.

Exhibit 1 at page 35.

22. Dr. Saunders continues in his report, to recommend that the defendant be remanded to a psychiatric hospital for treatment and competency restoration, stating:

> Although this writer spends hours with Mr. Reynolds, the best way to determine his complex mental status and to tease out his tendency to exaggerate his symptoms from his actual bona fide

5

>mental illness would be to observe him and evaluate him over several weeks or months. This can only be accomplished within the confines of a locked psychiatric hospital.

*Id*.

23. Given Dr. Saunders' concern regarding the defendant's feigning and malingering, and his recommendation that the defendant be observed over several weeks or months to better assess his mental status, the parties request that this Court order a psychiatric or psychological examination of the defendant be conducted at a United States Bureau of Prisons facility to determine the defendant's mental competency.

24. Further, on October 6, 2021, defense counsel informed the United States that the defense is presently maintaining its intent to rely on an insanity defense, previously filed on June 2, 2021. Doc. 41.

## **MEMORANDUM OF LAW**

Title 18, United States Code, Section 4241(a) provides that if there is reasonable cause to believe that the defendant "may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense" then the court shall hold a hearing to determine the mental competency of the defendant. Prior to convening such a hearing, "the court may order that a psychiatric or psychological examination of the defendant be conducted, and that a psychiatric or psychological report be filed with the court." 18 U.S.C. § 4241(b).

Federal Rule of Criminal Procedure 12.2(c)(1) provides: "The court may order the defendant to submit to a competency examination under 18 U.S.C. § 4241."

In light of the defendant's filing of a notice, pursuant to Federal Rule of Criminal Procedure 12.2, that he intends to rely on the defense of insanity, the United States is entitled to a Court-ordered "psychiatric or psychological examination of the defendant" to determine whether he was insane at the time of the alleged offense. 18 U.S.C. § 4242(a).

To prevent any further delays, the Government requests that the defendant be evaluated for mental competency and insanity at the time of the offense at one time. The Court may order that such an examination be performed by a qualified psychiatrist or psychologist of the United States Bureau of Prisons, consistent with the procedures set forth in 18 U.S.C. § 4247. Pursuant to § 4247(b), the Court "may commit the [defendant] . . . to the custody of the Attorney General for placement in a suitable facility" so that he can be "examined for a reasonable period, but not to exceed thirty days," for purposes of an examination under Section 4241 (mental competency), and "for a reasonable period, but not to exceed forty-five days," for purposes of an examination under Section 4242 (insanity at the time of the offense).

Once the examination is complete, a psychiatric or psychological report "shall be prepared by the examiner" and "shall be filed with court with copies provided to [the parties]." *See* 18 U.S.C. § 4247(c) (setting forth the reporting requirements for a psychiatric or psychological evaluation pursuant to Sections 4241 and 4242).

Based on the defendant's communications with counsel; the report and examination conducted by Dr. Carr; the report and examination conducted by Dr. Saunders; and the defense's assertion of intent to rely on the insanity defense, there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. The parties believe that the prudent course of action is to order that a psychiatric or psychological examination be completed at the Bureau of Prisons to help determine the defendant's competency.

A custodial evaluation is preferable to a local evaluation, because: the Bureau of Prisons regularly employs highly competent forensic psychologists and psychiatrists who perform an extremely comprehensive competency evaluation; the 30-day evaluation allows the psychologists and psychiatrists to evaluate the defendant's interactions with other inmates, staff members, and observe behavior in a variety of settings; and it is difficult for an inmate to malinger or exaggerate mental health conditions over a longer time period, instead of a several-hour interview as part of a local evaluation.

As noted above, the defendant is currently detained and in the custody f the United States Marshals pending trial in this matter. The United States requests that the psychiatric or psychological evaluation of the defendant be performed at a suitable United States Bureau of Prisons facility that is close in proximity to Orlando, Florida, as determined by the Bureau of Prisons.

The United States further requests that time be ordered excluded under 18 U.S.C. § 3161(h)(1)(A) (providing for exclusion of time within which trial must commence for "delay resulting from any proceeding, including any examinations, to determine the mental competency or physical capacity of the defendant"), through the date of the Court's ultimate competency hearing for the defendant.

## CONCLUSION

For all of the foregoing reasons, the parties request that the Court order the defendant to submit to an examination to determine his competency to stand trial and whether he was insane at the time of the offenses, conducted by licensed or certified psychiatrists or psychologists at the United States Bureau of Prisons.

DATED this 8th day of October 2021.

Respectfully submitted,

KARIN HOPPMANN
Acting United States Attorney

| | |
|---|---|
| */s/ Thomas B. Luka* | */s/ Jennifer M. Harrington* |
| THOMAS B. LUKA, ESQ. | JENNIFER M. HARRINGTON |
| Florida Bar No. 0187770 | Florida Bar No. 0117748 |
| 710 Vassar Street | 400 W. Washington Street, Suite 3100 |
| Orlando, Florida 32804 | Orlando, Florida 32801 |
| Telephone: 407-841-7400 | Telephone: (407) 648-7500 |
| Fax: 407-841-7887 | Facsimile: (407) 648-7643 |
| E-mail: tluka@lukalaw.com | E-mail: Jennifer.Harrington2@usdoj.gov |

U.S. v. ERIC LANCE REYNOLDS						Case No. 6:21-cr-61-RBD-DCI

## CERTIFICATE OF SERVICE

I hereby certify that on October 8, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

    Thomas B. Luka, Esq.

                              */s/ Jennifer M. Harrington*
                              JENNIFER M. HARRINGTON
                              Assistant United States Attorney
                              Florida Bar No. 0117748
                              400 W. Washington Street, Suite 3100
                              Orlando, Florida 32801
                              Telephone:  (407) 648-7500
                              Facsimile:  (407) 648-7643
                              E-mail:    Jennifer.Harrington2@usdoj.gov