1

```
 1                    UNITED STATES DISTRICT COURT
                       MIDDLE DISTRICT OF FLORIDA
 2                          ORLANDO DIVISION

 3     - - - - - - - - - - - - - - -X
       UNITED STATES OF AMERICA,     :
 4                                   :
                                     : Case No.:
 5           Plaintiff,              : 6:21-cr-61-RBD-DCI
                                     :
 6     vs.                           :
                                     : Orlando, Florida
 7     ERIC LANCE REYNOLDS,          : September 8, 2021
                                     : 9:59 a.m.
 8                                   :
             Defendant.              :
 9     - - - - - - - - - - - - - - -X

10                    TRANSCRIPT OF MOTION HEARING
                BEFORE THE HONORABLE DANIEL C. IRICK
11                  UNITED STATES MAGISTRATE JUDGE

12

13     APPEARANCES:

14     Counsel for Plaintiff:      Amanda Daniels
                                   United States Attorney's Office
15                                 400 W. Washington Street
                                   Suite 3100
16                                 Orlando, FL 32801

17     Counsel for Defendant:      Thomas B. Luka
                                   Thomas B. Luka, P.A.
18                                 390 N. Orange Avenue
                                   Suite 1840
19                                 Orlando, FL 32801

20

21
       Proceedings recorded by digital recording.
22     Transcript produced by computer-aided transcription.

23
       Court Reporter:   Suzanne L. Trimble, CCR, CRR, RPR
24                       Federal Official Court Reporter
                         401 West Central Boulevard, Suite 4600
25                       Orlando, Florida 32801
                         e-mail: trimblecourtreporter@gmail.com
```

1    P R O C E E D I N G S

2    THE COURTROOM DEPUTY: Case No. 6:21-cr-61-RBD-DCI,
3 United States of America v. Eric Lance Reynolds.
4    Counsel, please enter your appearances for the record.
5    MS. DANIELS: Good morning, Your Honor. Amanda
6 Daniels on behalf of the United States, standing in for AUSA
7 Jennifer Harrington.
8    MR. LUKA: Good morning, Your Honor. Attorney Thomas
9 Luka on behalf of Eric Reynolds. Mr. Reynolds is present before
10 us at the counsel table.
11    THE COURT: All right. Good morning, everyone.
12    So in this case was filed a joint motion for a hearing to
13 determine mental competency of the defendant, and then kind of
14 the wherefore clause of the motion, when we get down to it, is
15 that the parties respectfully request a competency hearing to be
16 set on a date following the completion of the defense's
17 evaluation and the Government's assessment of such report.
18    So I'm just trying to figure out, kind of, what that means
19 and when you want the hearing set, if anything else should
20 happen, if I need to make any findings in order for this to
21 happen, because there's no request for that either. So I just
22 want to see kind of those basic outlines of things.
23    Ms. Daniels.
24    MS. DANIELS: So, Your Honor, my understanding from
25 reviewing the case file and from speaking to Ms. Harrington is

1  that she anticipated that the expert evaluation that was being
2  carried out by the defense would be done by the end of last
3  week, I believe.  My understanding is that that was not able to
4  be carried out.  The expert was not able to interview the
5  defendant until, I believe, yesterday and that there's a
6  preliminary but not a final report.  So the United States has
7  not been able to view that report.
8       The request at this point would be for the Court to give the
9  defense another 14 days to get that report together, to give the
10 Government 14 days to review that report and determine whether
11 we would ask the Court for permission to have a second expert
12 evaluate for competency or not, depending on the report, and
13 then make whatever filings or requests of the Court that
14 Ms. Harrington deems necessary.
15          THE COURT:  So, first of all, is the Government
16 wanting me to make a finding that there's reasonable cause to
17 find this defendant is suffering from mental disease or defect?
18 Are you looking for that finding under 4241(a)?
19          MS. DANIELS:  Ms. Harrington hasn't provided
20 instructions on that, but based on her motion, I do believe that
21 she would be willing to ask the Court to make these findings,
22 based on what she's listed out as the facts and the procedure of
23 this case, yes.
24          THE COURT:  And then what you want to happen then is,
25 upon that, for the Court to just require the defense within

4

1  14 days to conduct an evaluation or to produce a report?
2           MS. DANIELS:  Yes.  It's sort of a strange posture.
3  Having read the statute, I understand that normally that is what
4  the Court does and then the examination takes place.  We're in a
5  position at this point where the examination has already begun,
6  but, yes, I think on paper on the record that makes the most
7  sense.
8           THE COURT:  Well, which one?  I asked which one of two
9  things.
10          MS. DANIELS:  To have the Court order that the
11 examination take place and within 14 days have a report
12 delivered at least to the United States or filed --
13          THE COURT:  All right.  Within 14 days.
14          MS. DANIELS:  But it's already started.  It was
15 supposed to be completed a week ago, and so we're not wanting to
16 delay this process any further.  If the defendant needs to be
17 transported to Butner, we would like that to happen as quickly
18 as possible.
19          THE COURT:  That was my second question.  So you're
20 going to look at this report and then you're going to come back
21 to the Court some way and then ask for him to be placed in the
22 custody of the Attorney General to be sent to Butner for further
23 evaluation?
24          MS. DANIELS:  To my understanding of the way that it
25 works -- I have not dealt with a lot of competency -- is that

1   the Government can ask for a second report or second evaluation
2   to be done.  The Court has the discretion to grant that or not.
3   And so what we would like is the opportunity to review the
4   defense's report, perhaps have Dr. Otto (phonetic spelling)
5   review that report as well and determine whether or not we would
6   like that second expert, or whether or not we would just
7   stipulate and request that the Court, as Your Honor has just
8   said, transfer the defendant into the custody of the Attorney
9   General.
10              THE COURT:  Okay.  Mr. Luka, what's your position in
11  all this?
12              MR. LUKA:  Very briefly, Your Honor.  The Government
13  is correct.  This came about based on initially my concerns
14  pursuant to 18 U.S.C. 14 -- excuse me -- 4241(a) regarding
15  Mr. Reynolds' competency to assist in his own defense.  I did,
16  in fact -- we did retain a private doctor, Dr. Steven Saunders.
17  He evaluated Mr. Reynolds yesterday for over five and a half
18  hours.  I spoke with Dr. Saunders yesterday afternoon late and
19  communicated my conversation with Dr. Saunders to Ms. Harrington
20  via e-mail.
21     The preliminary report that Dr. Saunders intends to state is
22  that at this time it is his position or opinion that
23  Mr. Reynolds is not competent to assist in his own defense at
24  this time due to a mental disease or defect, and he will have a
25  full report written up by the end of this week.  But I

6

1  understand the State wants 14 days, but he told me he would get
2  it done by the end of this week.
3        THE COURT:  So now you hear the preliminary report.
4  So do you want me just to send him to the custody of the
5  Attorney General now?
6        MS. DANIELS:  No, Your Honor.  My understanding is
7  that Ms. Harrington would like to review that report potentially
8  with an expert and determine whether or not a second opinion
9  would be helpful to determine whether or not we would stipulate
10 to that.
11       THE COURT:  Okay.  It's just this -- I guess this
12 hearing and this request is just kind of premature in my
13 estimation because I don't really know what I'm actually being
14 requested to do right now.  There's not really -- you're not
15 really requesting me to do anything right now.  I don't really
16 hear that I'm being requested to set a hearing.  The only
17 information I have -- I don't know that I have enough
18 information based on this motion to make this finding of
19 reasonableness, and then if I make that finding, I set a
20 hearing.  And I set that hearing -- prior to that hearing, then
21 we have this evaluation in the custody of the Attorney General.
22 That's how the statute works.
23    So there's no provision in the statute for, like, one
24 opinion and then another opinion.  I mean, that's just I
25 understand maybe practically that's what happens sometimes, but

that's not how the statute reads.

So I'm going to deny this motion without prejudice. And if Ms. Harrington is -- or either party, frankly, it can be either party can file the motion or the Court can file a motion for a hearing. Then I'll consider that motion. And if there's no objection to the defendant being transported to the custody of the Attorney General for an evaluation pursuant to 4247, then I can do that as well, and you can state that in the motion.

I mean, Mr. Luka, what's your position? I mean, do you have any objection to the defendant being evaluated by the Bureau of Prisons?

MR. LUKA: I do not have any objection to that, Your Honor.

THE COURT: Okay. All right. So I mean, I think just you all talk, and I think a motion can be filed, and then if attached to that motion is the sealed report from the defense expert --

And I'll grant right now your authority to file that under seal.

MS. DANIELS: Thank you.

THE COURT: I'm hereby ordering that that can be filed under seal.

Just file that under seal with a request, and if it's not objected to, state that, and I'll do the appropriate order sending the defendant, pursuant to 4247, for an evaluation, and

8

1  then we'll set the hearing under 4241(a) at the same -- in the
2  same order, and then we can get this taken care of.
3      And, you know, that's going to take some time, especially
4  due to COVID protocols.  So once I enter that order, I'll set
5  the hearing out as well.
6          MS. DANIELS:  Thank you.
7          MR. LUKA:  Thank you, Your Honor.
8          THE COURT:  Does that make sense?
9      Anything else from the Government?
10         MS. DANIELS:  Yes.  Thank you, Your Honor.  No.
11         THE COURT:  From the defense?
12         MR. LUKA:  Nothing else from the defense, Your Honor.
13         THE COURT:  Okay.  All right.  Well, thank you all
14 very much.
15     Again, I'm going to deny this without prejudice, and then it
16 can be re-filed.
17         MS. DANIELS:  Thank you so much, Your Honor.
18       (WHEREUPON, this matter was concluded at 10:07 a.m.)
19                            *  *  *
20                     CERTIFICATE OF REPORTER
21
   I certify that the foregoing is a correct transcript of the
22 record of proceedings in the above-entitled matter.
23
    /s/ Suzanne L. Trimble_____              10/12/21
24  Suzanne L. Trimble, CCR, CRR, RPR             Date
    Official Court Reporter
25