FILED

2022 MAR 10 PM 3: 50

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                          CASE NO.  6:21-cr-61-RBD-DCI
                                      18 U.S.C. § 2422(b)
                                      18 U.S.C. § 2252A(a)(2)

ERIC LANCE REYNOLDS

## INFORMATION

The United States Attorney charges:

### COUNT ONE

From on or about November 28, 2019, through on or about November 29, 2019, in the Middle District of Florida, and elsewhere, the defendant,

ERIC LANCE REYNOLDS,

using a facility and means of interstate commerce, did knowingly persuade, induce, entice, and coerce, and attempt to persuade, induce, entice, and coerce, an individual who had not attained the age of 18 years, to engage in sexual activity for which any person could be charged with a criminal offense, specifically: sexual battery of a person less than 12 years of age, in violation of Florida Statute 794.011.

In violation of 18 U.S.C. §§ 2422(b) and 2.

## COUNT TWO

On or about December 7, 2019, in the Middle District of Florida, and elsewhere, the defendant,

ERIC LANCE REYNOLDS,

did knowingly distribute child pornography, that is, the child pornography in the computer file title ending in "8a97," using any means and facility of interstate and foreign commerce and that had been shipped and transported in and affecting interstate and foreign commerce by any means.

In violation of 18 U.S.C. § 2252A(a)(2) and (b)(1).

## FORFEITURE

1.  The allegations contained in Counts One and Two are incorporated by reference for the purpose of alleging forfeiture, pursuant to the provisions of 18 U.S.C. § 2428 and 18 U.S.C. § 2253.

2.  Upon conviction of a violation of 18 U.S.C. § 2422(b), the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 2428:

    a.  any property, real or personal, that was used or intended to be used to commit or to facilitate the commission of such violation; and

    b.  any property, real or personal, constituting or derived from any proceeds that such person obtained, directly or indirectly, as a result of such violation.

3. Upon conviction of a violation of 18 U.S.C. § 2252A(a)(2), the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 2253:

   a. Any visual depiction described in 18 U.S.C. §§ 2251, 2251A, or 2252, 2252A, 2252B, or 2260 of chapter 110 of Title 18, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, or received in violation of chapter 110;

   b. Any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and

   c. Any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property.

4. The property to be forfeited includes, but is not limited to, the following: an Apple iPhone 12 Promax, serial number F2DQJU10D45.

5. If any of the property described above, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third person;

   c. has been placed beyond the jurisdiction of the Court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be subdivided without difficulty;

the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 2253(b) and 28 U.S.C. § 2461(c).

ROGER B. HANDBERG
United States Attorney

By: _____
for Jennifer M. Harrington
Assistant United States Attorney

By: _____
Chauncey A. Bratt
Assistant United States Attorney
Deputy Chief, Orlando Division